**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

LAURI S.,[1]

Plaintiff,

v.

FRANK BISIGNANO,

Defendant.

Case No. 26-CV-4937 (JFD)

**ORDER**

---

This matter is before the Court on Plaintiff Lauri S.'s Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). (*See* Dkt. No. 2.) For the following reasons, the Court denies the IFP Application without prejudice.

When assessing an IFP application, "[t]he central question is whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers v. Tex. Dep't of Crim. Just.*, 70 F.3d 1268, 1268 (5th Cir. 1995) (per curiam) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948)); *Lukobi-Johnson v. Pester*, No. 26-CV-1801 (DWF/DJF), 2026 WL 1083794, at *1 (D. Minn. Apr. 17, 2026) (quoting *Ayers*). In answering that question, a court may consider not just the applicant's own resources, but also those available from his or her spouse. *See Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (explaining that a court "may consider the resources that the applicant has or can get from those who ordinarily provide

---

[1] The United States District Court for the District of Minnesota follows a policy of using only the first name and last initial of nongovernmental parties in Social Security cases.

the applicant with the necessities of life, such as from a spouse" (quoting *Williams v. Spencer*, 455 F. Supp. 205, 208-9 (D. Md. 1978) (cleaned up))); *Benjamin G. v. Bisignano*, No. 25-CV-3961 (DJF), 2025 WL 2938511, at *1 (D. Minn. Oct. 16, 2025) (citing *Fridman*). "The opportunity to proceed [IFP] is a privilege, not a right." *Weaver v. Pung*, 925 F.2d 1097, 1099 n.4 (8th Cir. 1991) (citing *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987)).

The IFP Application indicates that while Plaintiff has no income, her spouse receives about $6,462 a month: $5,462 in retirement income and $1,000 in rental income. (*See* Dkt. No. 2 at 1-2.) The household's reported monthly expenses total $4,440, leaving a surplus of about $2,000 a month. (*Id.* at 4-5.) The household also owns a home valued at $300,000 and two vehicles valued in the aggregate at $16,000, and Plaintiff reports no dependents. (*Id.* at 3.) On this record, the Court cannot conclude that paying this action's filing fee would cause Plaintiff undue hardship or deprive her of life's necessities. Accordingly, the IFP Application is denied.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Lauri S.'s Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 2) is **DENIED WITHOUT PREJUDICE**.

2. Plaintiff must pay the $405.00 filing fee for this action by **December 14, 2026**. If she fails to do so, the Court will recommend that this action be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Dated: November 23, 2026

__*s/ John F. Docherty*__________
JOHN F. DOCHERTY
United States Magistrate Judge